UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DENVER CHARLES LUNSFORD, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 1:12-CV-76-RWS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Denver Charles Lunsford to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

Movant pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He was sentenced on March 28, 2011, to 77 months' imprisonment and 3 years of supervised release. Movant did not appeal.

Movant seeks relief from his conviction and sentence on the ground of ineffective assistance of counsel. In addition, he claims his sentence was enhanced based on a crime of which he had not been found guilty.

## Discussion

Rule 4(b) of the Rules Governing § 2255 Cases in the United States District Courts provides that a District Court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now provides:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(1) and subject to summary dismissal.  Movant's conviction became

final in April 2011, but he did not file this motion to vacate until May 4, 2012, the date on which movant indicates he placed the motion in the prison mailing system. Thus, it appears that the instant motion to vacate is untimely.

Movant has filed a motion for leave to file this action out of time [Doc. #2]. He claims that his motion is untimely, because he "was transferred into state custody to finish [his] state sentence, and was unable to review any law books from the federal jurisdiction, and had no knowledge of [his] rights." Movant's claims are insufficient to equitably toll the limitations period in this case, and therefore, the Court will deny his motion for leave to file out of time. *See Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (equitable tolling proper only when extraordinary circumstances beyond prisoner's control make it impossible to file timely petition).

Because movant has not advanced an explanation that would warrant tolling of the one-year statute of limitations, the Court will order him to show cause within thirty days of the date of this Order as to why this matter should not be dismissed as untimely.

Accordingly,

**IT IS HEREBY ORDERED** that no order to show cause shall issue at this time as to respondent, because the instant motion appears to be time-barred.

**IT IS FURTHER ORDERED** that movant shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant motion as time-barred. Movant's failure to file a show cause response shall result in the denial of the instant motion to vacate and the dismissal of this action as time-barred, without further notice to him.

**IT IS FURTHER ORDERED** that movant's motion for leave to file this action out of time [Doc. #2] is **DENIED**, without prejudice.

Dated this 14th day of May, 2012.

_____
UNITED STATES DISTRICT JUDGE